[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14684
Non-Argument Calendar

_____

D.C. Docket No. 2:18-cv-01439-CLS

ERIN C. RYERSON,

Plaintiff-Appellant,

versus

JEFFERSON COUNTY COMMISSION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 17, 2021)

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Erin Ryerson appeals the district court's grant of summary judgment in favor of her former employer, the Jefferson County Commission, in her lawsuit claiming discrimination under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112(a), 12203(a).[1]  Ryerson argues that the district court erred in finding that she was not a "qualified individual" within the meaning of the ADA.  We disagree, and we therefore affirm.

We review a district court's grant of summary judgment on ADA claims de novo, construing the facts in the light most favorable to the nonmoving party. *Holly v. Clairson Indus., LLC*, 492 F.3d 1247, 1255 (11th Cir. 2007).  A district court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)).

To prevail on her disability discrimination claim under the ADA, Ryerson must show that "(1) she is disabled, (2) she was a 'qualified individual' when she

---

[1] Ryerson included a retaliation claim in her complaint, but she affirmatively abandoned that claim on appeal.

was terminated, and (3) she was discriminated against on account of her disability." *Frazier-White v. Gee*, 818 F.3d 1249, 1255 (11th Cir. 2016). A qualified individual is one who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); *Lewis v. City of Union City*, 934 F.3d 1169, 1182 (11th Cir. 2019). Discrimination under the ADA may encompass the failure to make a reasonable accommodation to a known physical or mental limitation of an otherwise qualified disabled individual. 42 U.S.C. § 12112(b)(5)(A). An accommodation is reasonable, however, "only if it enables the employee to perform the essential functions of the job." *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001).

We assume for purposes of this appeal that Ryerson's ulcerative colitis is a disability within the meaning of the ADA, as Ryerson alleges. To prove that she is a "qualified individual" for purposes of her ADA claim, Ryerson must show that she can perform the essential functions of the job of a Jefferson County tax auditor without accommodation, or failing that, show that she could perform the essential functions of the job with a reasonable accommodation. *Davis v. Fla. Power & Light Co.*, 205 F.3d 1301, 1305 (11th Cir. 2000); *see* 42 U.S.C. § 12111(8). Ryerson contends that she could have performed the work of a tax auditor if she had been accommodated either by allowing her to work a flexible schedule—

3

meaning permitting her to come in late when necessary and make up the time by staying late or coming in early another day—or by allowing her to work from home.

Although a modified work schedule may be a reasonable accommodation in some circumstances, the ADA does not require an employer to eliminate an essential function of a job in order to accommodate a disabled employee. *Davis*, 205 F.3d at 1305. The pivotal question for this appeal, therefore, is whether the essential functions of the job of a Jefferson County tax auditor require the employee to work on site during regular business hours.

In making this determination, we are required to consider "the employer's judgment as to what functions of a job are essential." 42 U.S.C. § 12111(8). And "if an employer has prepared a written description before advertising or interviewing applicants for the job," that "description shall be considered evidence of the essential functions of the job." *Id.* The written job description for the position for which Ryerson was hired states, essentially, that an auditor prepares for and conducts external audits and personal-property appraisals; prepares audit reports, assessments, and related documentation; assists in the enforcement of revenue laws; and provides tax advice and responds to questions from taxpayers and other members of the public. The job description explains that conducting external audits involves the examination of financial records, operations, and

4

accounting systems, as well as verifying, analyzing, and reconciling "receipts, disbursements, accounts, inventories," and other records and data, and may require travel outside the County's jurisdiction. The County also responded in writing to questions Ryerson posed by email before she was hired—and before she disclosed her disabling condition or made any request for an accommodation—explaining that the audits performed by the revenue department involved "primarily sales and use taxes and business licenses," and that the work of an auditor "is performed primarily in the field at the office location of the business."

In the County's judgment, these job functions cannot be performed from the auditor's home because of the sensitive, confidential nature of the financial records involved—the County does not allow its auditors to access its tax software remotely, and the taxpayers' records must be reviewed either on site at the taxpayers' offices or at the Jefferson County revenue office. The County also requires its auditors to work during regular business hours so that they can schedule and dependably perform audits at the taxpayers' places of business and be available to provide tax advice and answer questions from members of the public, who logically would contact the revenue office during its usual hours of operation.

For her part, Ryerson points to no evidence in the record that contradicts or undermines the County's assessment that the essential functions of a tax auditor cannot be performed from home or after hours. Instead, she argues that she was a

5

qualified employee because she had the ability to do the work of an auditor, and that the County failed to show that allowing her to telework would cause it undue hardship. We are unpersuaded.

As to Ryerson's first argument, her knowledge and skill as an auditor are irrelevant to the position of a Jefferson County tax auditor if she is unable to leave her home to use those abilities. The County's written job description indicates that an auditor's essential duties involve examining the financial records and accounts of local businesses. The fact that such materials are confidential goes without saying, and the County's obligation to either examine the records at the taxpayer's business or maintain them in its own secure location is an obvious corollary. And purely as a matter of logistics, it seems logical that the auditor would need to be on location to verify and reconcile a business's receipts and inventory, examine its accounting systems and operations, and appraise its property.

It is equally clear that Ryerson could not perform any job that required her to leave home more than occasionally, whether or not she was allowed to work a flexible schedule. Ryerson's attendance records showed that she was absent for the entire day more than 75% of the time during her employment with the County—coming to work on only 25 of a possible 106 workdays—and she was generally between 20 minutes and several hours late when she did show up. She

never worked more than 27.75 hours in a week, and many weeks she did not come in to work at all.

Ryerson's argument that the County failed to show undue hardship overlooks the fact that she bears the initial burden of identifying an accommodation and showing that the accommodation is reasonable. *Frazier-White*, 818 F.3d at 1255. If "she cannot do so, the employer has no affirmative duty to show undue hardship." *Id.* And as we have already explained, an "accommodation is only reasonable if it allows the disabled employee to perform the essential functions of the job in question." *Id*. Because the only evidence presented showed that the job of a county tax auditor requires the employee to spend most of her time either in the field conducting audits at taxpayers' businesses or at the county revenue office, Ryerson's proposed accommodation of allowing her to work from home was not reasonable. And because the evidence also showed that Ryerson was unable to work a 40-hour week even with a flexible start time, her requested accommodation of a flexible work schedule was not reasonable either.

The district court did not err in finding that Ryerson was not a "qualified individual" within the meaning of the ADA. We therefore affirm the grant of summary judgment in favor of the County on Ryerson's ADA claim.

**AFFIRMED.**